UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 16-20414-2

HARATIO HEARD,                    HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF ORDER OF DETENTION (Doc. 113)

I.

This is a criminal case. Following arraignment on an indictment charging involvement in a drug conspiracy, defendant consented to detention (Doc. 25). After return of the Second Superseding Indictment (Doc. 97), defendant filed a motion (Doc. 113) styled

> Motion and Brief for Revocation of Detention Order and For
> Bond With Combination of Conditions concerning Release

The government opposes release (Docs. 118 and 143). For the reasons that follow, the motion is denied.

II.

In opposing release, the government says (Doc. 118):

> The defendant is charged in the Second Superseding Indictment with conspiracy to distribute a controlled substance, resulting in death or serious bodily injury; if convicted on Count 1 with the enhanced penalty, he would face a twenty-year mandatory minimum sentence of

> imprisonment. His statutory maximum would be life.
>
> The controlled substances attributable to the defendant are alleged to be more than one kilogram of heroin; more than 280 grams of crack cocaine; powder cocaine; and fentanyl. Even without the enhanced penalty, based on these quantities, the defendant is faced with the prospect of a mandatory minimum of ten years in prison and a maximum of life. The defendant is also charged with conspiracy to possess firearms in furtherance of a drug trafficking crime, as well as multiple substantive counts of distribution of a controlled substance or possession of a controlled substance with intent to distribute. One of these substantive counts, possession with intent to distribute near a school, carries a mandatory minimum sentence of five years in prison.
>
> In addition, the defendant is eligible for further increases in penalties under Title 21, United States Code, Section 851, because he has a prior felony drug conviction. If the government files an information under this section, his mandatory minimums increase – the five-year minimum becomes ten-to-life, the ten-year minimum becomes twenty-to-life, and the twenty-year minimum becomes mandatory life in prison. 21 U.S.C. §841(b).

The Court held a hearing on the motion on October 17, 2016, and a detention hearing on November 2, 2016.

III.

Based on the charges against defendant, there is a rebuttable presumption for detention. See 18 U.S.C. § 3142(e)(3). Defendant may rebut the presumption with evidence suggesting he is not a risk of fight or danger to the community. To determine whether release is in order, the Court considers four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the danger to the community. See 18 U.S.C. § 3142(g).

IV.

Defendant has not overcome the presumption of detention nor is the Court persuaded that release is otherwise in order. While the Court was initially concerned with the apparent disparity in detention orders (there are a multitude of defendants in this case, some of whom are detained and some of whom are on release), it is now satisfied, having studied the record, that the government has not been arbitrary in its position regarding pretrial release. Given the magnitude of the charges against the defendant and the mandatory sentence required should he be convicted, defendant is not entitled to pretrial release. The pretrial release conditions suggested by him simply do not assure the safety of the community should he be released pretrial. Despite the Court's observation that the government has exaggerated the likelihood that defendant will go back to drug dealing should he be released, detention is nevertheless warranted.

Accordingly, defendant's motion for revocation of the detention order is DENIED.

CAVEAT

The government is cautioned that by the January 27, 2017, conference:

(a) discovery should be completed; and

(b) it should be ready for trial. Dependent on the number of defendants going to trial, it is more than likely there must be two (2) trials, each of manageable proportion.

SO ORDERED.

                                               S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: November 15, 2016
       Detroit, Michigan