UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                       Case No. 16-20414

DEMARCO TEMPO, et al.,                              HON. AVERN COHN

    Defendants.
_____/

**ORDER ON PENDING MOTIONS**

I. Introduction

This is a criminal case. Defendants are: (1) Demarco Tempo; (2) Haratio Heard; (3) Juwan Allen; (4) Darius Gordon; (5), Alvin Coates; (6) Javon Brown; (7) Greg Howard; (8) Dennis Jones; (9) Amacio Alexander; (10) Marcus Gilbert; (11) Kenneth Sadler; (12) Darreyl Coneal; and (13) Randy Stewart.

The indictment is in 27 counts. All of the defendants are charged with conspiracy to distribute heroin. Other charges facing some defendants are: (1) death or serious bodily injury resulting from use of a controlled substance (enhanced penalty); (2) conspiracy to possess firearms in furtherance of drug trafficking; (3) distribution of a controlled substance resulting in serious bodily injury; (4) distribution of a controlled substances resulting in death; (5) distribution of a controlled substance; (6) possession of a controlled substance with intent to distribute near a school; (7) possession of a controlled substance with intent to distribute; and (8) possession of firearm and

ammunition by a convicted felon. Some of the defendants have plead and are awaiting sentencing.

On July 26, 2017, the Court held a hearing on pending motions. This order memorializes the rulings at the hearing.

## II. Pending Motions

A. Demarco Tempo's[1] Motion to Declare 18 U.S.C. § 841(b)(1)(C) Unconstitutional or Declare That a Violation Requires a Showing of Proximate Cause (Doc. 220)

For the reasons stated on the record, the motion is DENIED. Briefly, as Tempo concedes, no court addressing this issue has held the statute unconstitutional nor found that a violation requires a showing of proximate cause. Although the Court of Appeals for the Sixth Circuit has not ruled on the issue, the Court finds the decisions of other Circuits persuasive, as fully explicated in the government's response. In particular, the Court agrees with the holdings in United States v. Hatfield, 591 f.3d 945 (7th Cir. 2010), United States v. Soler, 275 F.3d 146 (1st Cir. 2002), and United States v. Patterson, 38 F.3d 139 (4th Cir. 1994).

B. Demarco Tempo's[2] Motion for a Bill of Particulars (Doc. 250)

Tempo says the indictment is insufficient as to Counts 3, 4, 5, and 7. The government says that the motion is an inappropriate attempt at discovery and there is no need for a bill of particulars.

The motion is DENIED. However, the government shall inform Tempo of the evidence intended to be offered to support each count against him as described at the

---

[1] Haratio Heard joins in the motion.

[2] Haratio Heard joins in the motion.

hearing.

   C Demarco Tempo's Motion to Suppress Search Warrant (Doc. 251)

Tempo moves to suppress evidence obtained from a search warrant for a GPS tracking device on a vehicle. The government says the vehicle tracking warrant was lawfully obtained, that Tempo has no reasonable expectation of privacy in the vehicle (a rental car for which he was not the licensed driver), and that Tempo fails to properly identify the evidence it seeks to suppress.

The motion is TAKEN UNDER ADVISEMENT. In light of the discussion at the hearing, if Tempo wishes to pursue the motion, he shall file a supplemental paper within twenty (20) days which identifies the evidence sought to be suppressed. Such evidence presumably consists of the tracking data, i.e. the routes the vehicle took, and observations of agents tracking the vehicle. Tempo is reminded of the government's statement that it would likely not use tracking data at trial.

   D. Darius Gordon's[3] Motion to Suppress Identification Testimony (Doc. 212)

This motion concerns a May 10, 2016 photo identification of Gordon and Coasts by "Victim 3." The government says the identification was not unduly suggestive and is reliable.

The motion is TAKEN UNDER ADVISEMENT and will be the subject of separate order.

---

[3]Alvin Coates joins in the motion.

### E. Additional Requirement

Given the complexity and variety of charges, the government shall within thirty (30) days lodge with the Court a draft of the proposed verdict form and proposed jury instructions on the law of the case.

SO ORDERED.

                                            <u>S/Avern Cohn</u>
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: July 27, 2017
      Detroit, Michigan